```
 1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
 2                     TOPEKA, KANSAS


 3

      UNITED STATES OF AMERICA,   )
 4     ----------- Plaintiff,     )
                                  )
 5          vs.                   ) Case No.
                                  ) 04-40005-01
 6    STEPHEN W. GRIMMETT,        )
       ------------- Defendant.   )
 7


 8

              TRANSCRIPT OF CHANGE OF PLEA HEARING
 9
                         BEFORE
10
               HONORABLE RICHARD ROGERS
11
                          on
12
                   October 6, 2004
13
      APPEARANCES:
14
      For the Plaintiff:    Ms. Tanya J. Treadway
15                          Asst. U.S. Attorney
                            290 Federal Building
16                          444 Quincy Street
                            Topeka, Kansas 66683
17
      For the Defendant:    Mr. Christopher M. Joseph
18                          Joseph & Hollander, P.A.
                            1508 Southwest Topeka
19                          Topeka, Kansas 66612

20    Court Reporter:       Roxana S. Montgomery, CSR
                            Nora Lyon & Associates
21                          1515 South Topeka Blvd.
                            Topeka, Kansas 66612
22

23

24

25
```

1          THE COURT:  We have the case of

2     United States of America versus Stephen

3     Grimmett, and this is Case No. 04-40005-01.

4     Let's have the attorneys announce your

5     appearances, please.

6          MS. TREADWAY:  May it please the

7     Court, on behalf of the government, Assistant

8     U. S. Attorney, Tanya J. Treadway.  Seated with

9     me at counsel table today is Investigating

10     Agent from Customs, or ICE now, James Kanatzar.

11          THE COURT:  All right.  Thank you.

12          MR. JOSEPH:  May it please the Court,

13     the defendant appears in person and through

14     counsel, Chris Joseph.

15          THE COURT:  All right.  It's my

16     understanding that we are contemplating a plea

17     in this case, and I've been handed a plea

18     agreement, which I have read, and-- but I also

19     understand that before we start, that the

20     defendant would like to put on something, or

21     present something, an affidavit or something

22     else.  And, Ms. Treadway, you would like to

23     reply to that.  Is that correct?

24          MS. TREADWAY:  Yes, Judge.

25          THE COURT:  Why don't we do that

1      first before we start with actually the taking

2      of a plea here?  Would you like to step up to

3      the mike and give me what you'd like to

4      present?

5              MR. JOSEPH:  Sure.  By agreement of

6      the parties, we would like to supplement the

7      record which will go up on appeal for the

8      conditional plea.  Understanding the Court's

9      ruling adopting the First Circuit on the

10     as-applied constitutional test, this doesn't

11     have any impact on your ruling and, thus, we're

12     not asking you to reconsider, but for the

13     purpose of appeal, we would like to submit a

14     declaration of Mr. Grimmett, the defendant,

15     setting out some additional facts.  The

16     government has been provided a copy as well,

17     and we'd just like that declaration to be

18     incorporated into the record, and Ms.

19     Treadway's comments to also be incorporated.

20             THE COURT:  All right.  The Court

21     will allow that to be introduced into the

22     record, and we'll have that there.  And is that

23     everything that you would like to offer?

24             MR. JOSEPH:  That's everything,

25     Judge.

1              THE COURT:  All right, fine.  And,

2      Ms. Treadway, would you like to speak to that?

3              MS. TREADWAY:  Yes, Judge.  I would

4      like to make a record as well in rebuttal of

5      the affidavit.  Again, we agreed that this

6      would be the process that we would use to

7      supplement the record, but I do not want the

8      affidavit just to simply lie in the record

9      cold, because it's decidedly self-serving, and

10     the Court should give it little weight.

11             The defendant is potentially attempting

12     to shore up the record for his as-applied

13     commerce clause challenge, which the Court

14     previously rejected.  And the government

15     believes that the affidavit presented is a

16     skewed picture of the defendant, his conduct,

17     and what his intentions were at the time of the

18     crimes and, as such, it is misleading.  The

19     defendant's admissions in that affidavit to

20     this Court are quite a different nature than

21     his admissions in State court and his

22     therapists, which are part of the record before

23     the Court and relevant to his as-applied

24     commerce clause challenge, and I want to review

25     quickly that record before the Court.

1          The defendant has been diagnosed by Kathy

2     Nichols (spelled phonetically) as suffering

3     from obsessive compulsive disorder, which fuels

4     sexual compulsions and obsessions.  As Dr.

5     Nichols reported to the State court after hours

6     of testing and interviewing the defendant, he

7     has sexual compulsions and obsessions which he

8     cannot control.  Dr. Nichols reported that he

9     has recurrent, intense sexually arousing

10    fantasies, sexual urges, behaviors involving

11    sexual activity with prepubescent children, and

12    he has acted on those obsessions and

13    compulsions when he committed the sodomy and

14    the production count which is before this

15    Court.

16          Sodomy is not a collecting form of

17    obsessive compulsive disorder.  It is acting

18    out on a sexually deviant compulsion.  The

19    defendant has admitted in a prior State

20    proceeding that he has to feel ashamed to feel

21    sexual pleasure.  He therefore began to

22    fantasize about bizarre and taboo subjects.

23    Thus, the defendant is a paraphiliac, Judge,

24    and that is a condition in which a person's

25    sexual arousal and gratification depend on

1    fantasizing about and engaging in sexual

2    behavior that is atypical and extreme.

3         The focus of a paraphiliac is usually

4    unchanging and very specific.  They're

5    preoccupied with this deviant sexual behavior

6    to the point that they are dependent upon it

7    for sexual gratification.  In most cases, types

8    of sexual activity outside the boundaries of

9    paraphilia lose their arousal or satisfaction

10   potential.  In this case, we have exactly that.

11   The defendant had to watch child pornography on

12   the computer to reach sexual climax with a

13   prostitute.

14        And, unfortunately, as to paraphilia,

15   therapy tends to be unsuccessful.  And that

16   goes also to the record that Dr. Nichols made

17   at the State court proceedings, which also are

18   before this Court.  She could not know for

19   certain whether he would reoffend.  His own

20   therapist, Faye Heller (spelled phonetically),

21   also said she could not be sure whether he

22   would reoffend.  She testified that while on

23   the very medication that he claims curbs his

24   appetite, that's the time when the defendant

25   made the proposition to the prostitute saying,

1           "I'll pay you a lot of money if you will bring
2           me kids for sex."
3                In this case, the defendant's paraphilia
4           is that he has a preoccupation with having sex
5           with children.  He not only collected child
6           pornography, which is what his affidavit is
7           about, he offered to pay someone for procuring
8           children for him for sex, he admits to
9           fantasizing about having sex with children, and
10          that he acted on that fantasy at least once.
11          He admitted to using and collecting
12          pornography, being addicted to it, and as time
13          went on, he needed it to be more hard core and
14          explicit.  He admitted to having those perverse
15          desires and fantasies and, as a result, he's a
16          compulsive masturbator.  He was afraid he would
17          act out on his fantasies, Judge, and in fact,
18          that fear was well founded.  He progressed from
19          his private fantasies and his collections of
20          pornography to public masturbation and then to
21          the sodomy.
22                During the search of his house, he made
23          two revealing statements to the police
24          officers.  He indicated that he knew he was
25          dangerous, and he wanted to talk to the police

1    officers about how to catch people like him.

2    He also indicated that he had further

3    escalating fantasies about killing people.  It

4    did not surprise either Dr. Nichols or Dr. Faye

5    Heller that he had fantasies about killing

6    someone.  In fact, it's interesting to note

7    that when he was in therapy, he admitted to the

8    fantasies, but he didn't admit to his own

9    therapist that he had already had sex with a

10   child and acted on those fantasies.  But

11   according to his own therapist, his fantasies

12   were increasing in intensity during therapy.

13   And most troubling about that fact, Judge, is

14   that that is seen in how he was collecting this

15   pornography.  He collected pornography which

16   included scenes of bondage and violence.

17        Judge, this defendant's affidavit does

18   not correctly show him to be the person that

19   the evidence shows him to be, which is an

20   escalating predator.  Prior to having sex with

21   and videotaping the child, his actions showed

22   that he was an escalating predator.  He

23   collected from the Internet, he acted upon

24   those fantasies.  These are all relevant facts

25   that this Court took into account when you

1    ruled against the defendant's as-applied

2    challenge, and we believe these facts should be

3    put in juxtaposition to the defendant's self-

4    serving and very omitted information in the

5    affidavit.  Thank you.

6           THE COURT:  All right.  Does that

7    take care of everything?  Do you want to offer

8    anything in addition?

9           MR. JOSEPH:  Your Honor, I'd just

10    point out that these issues have been addressed

11    and are already part of the record.  She cited

12    the parts of the proceeding that favor her side

13    and were argued in the detention motion.  We

14    cited the parts of the proceeding in our

15    response to the motion for detention, et

16    cetera, and will take these up at a later date

17    of sentencing.  Otherwise, we have no response

18    at this point.  It's already in the record.

19           THE COURT:  All right.  Well, both

20    the affidavit and the argument will be in the

21    record, and that will take care of that, and it

22    may or may not be used at a later date.  I

23    think probably, then, we might as well go ahead

24    with the plea in this particular case.  And,

25    Mr. Joseph, you and your client might come

1          forward, and we'll discuss this further.

2                    (THEREUPON, the Defendant and Mr.

3          Joseph approached the podium.)

4                    THE COURT:  All right.  As I have

5          said previously, it's my understanding that

6          you're contemplating entering a plea, and there

7          is a plea agreement here, which I have looked

8          at, and the plea agreement states-- and you

9          might verify this for me-- that you agree to

10         plead guilty to Counts 1 through 3 of the

11         indictment, and that Count 1 charges a

12         violation of Title 18 United States Code

13         2251(a), that is production of child

14         pornography.  Count 2 charges a violation of

15         Title 18 United States Code, Section

16         2252(a)(5)(B), that is possession of child

17         pornography; and Count 3 charges a violation of

18         Title 18 United States Code, Section

19         2253(a)(3), and that is forfeiture.  And so

20         that's what I understand we're proceeding upon.

21         And is that correct, Mr. Joseph?

22                    MR. JOSEPH:  That is correct, Your

23         Honor.

24                    THE COURT:  All right.  Would you

25         please swear the defendant to answer my

1          questions?

2                    THE CLERK:  Would you raise your

3          right hand.  You do solemnly swear that the

4          testimony you are about to give in the case now

5          in hearing shall be the truth, the whole truth,

6          and nothing but the truth, so help you God.

7                    THE DEFENDANT:  Yes.

8                    THE COURT:  All right.  Mr. Grimmett,

9          let me ask you first this question.  Do we have

10         your name correct?  Stephen Grimmett, is that

11         correct?

12                   THE DEFENDANT:  Yes, sir.

13                   THE COURT:  All right.  And what is

14         your age?

15                   THE DEFENDANT:  Twenty-eight.

16                   THE COURT:  And tell me, what's the

17         extent of your education and schooling?

18                   THE DEFENDANT:  I have two years of

19         college.

20                   THE COURT:  All right.  And have you

21         been treated recently for any mental illness or

22         addiction to narcotic drugs of any kind?

23                   THE DEFENDANT:  How recently?

24                   THE COURT:  Well, within a period of

25         time that would have impact on what we're

1       trying to do here today.

2                   THE DEFENDANT:  No, sir.  No, sir.

3                   THE COURT:  All right.

4                   MR. JOSEPH:  Your Honor, I would just

5       like to clarify.

6                   THE COURT:  Yes.  Would you do that?

7                   MR. JOSEPH:  As part of his therapy

8       that began at the State proceedings, before he

9       became in custody, he was seeing some

10      physicians who testified at sentencing and was

11      on certain medications, namely certain

12      antidepressants to treat an obsessive

13      compulsive disorder.  Since he has been in

14      custody, they've switched his medication, and

15      he's currently taking Prozac, which is another

16      form of antidepressant, which treats the

17      obsessive compulsive disorder.  He's not

18      actively in any kind of treatment program,

19      other than just continuation of the general

20      type of medication that he was on before going

21      into custody.

22                  THE COURT:  I think what I need to

23      find out is whether he's fully competent at

24      this time to embark upon this guilty plea.  Is

25      it your view that he is, and is it his view?

1          MR. JOSEPH:  It is absolutely my view

2     that he is fully competent.

3          THE DEFENDANT:  Yes.

4          THE COURT:  All right.  Well, we will

5     then proceed.  And-- but you're not under the

6     influence of any drug or medication or

7     alcoholic beverage of any kind that would make

8     it difficult for you to understand what we're

9     doing?  That's my question.

10          THE DEFENDANT:  No, sir.  No, sir.

11          THE COURT:  All right, thank you.

12     Now, I have a copy of the indictment, and the

13     plea agreement is rather explicit about the

14     particular counts that you are entering pleas

15     to.  Now, let me ask you, have you gone over

16     the indictment with your attorney, and have you

17     fully discussed all those charges with him?

18     Also, have you discussed the plea agreement

19     with him?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And let me find out, are

22     you fully satisfied with the counsel,

23     representation, and advice he has been giving

24     to you?

25          THE DEFENDANT:  Yes, sir.

1          THE COURT:  All right.  Now, I have

2     received the plea agreement here.  And you have

3     told me that you think you fully understand the

4     indictment.  Is that correct?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  All right.  Now, Ms.

7     Treadway, do you want to just briefly discuss

8     the plea agreement with me?  I have it in front

9     of me, but why don't you point out some of the

10    salient facts in it?

11         MS. TREADWAY:  Yes, Judge.  In return

12    for the defendant's agreeing to plead guilty as

13    charged in Counts 1 through 3 of the

14    indictment, the government has agreed as

15    follows:  First of all, we will not file any

16    additional charges against the defendant

17    arising out of the facts forming the basis of

18    the present indictment.  We will recommend at

19    sentencing a two-level reduction as well as a

20    one-level additional reduction for acceptance

21    of responsibility.  However, the obligation to

22    do so really rests in the defendant's hands, as

23    he must continue to manifest his acceptance of

24    responsibility through the sentencing process.

25         Judge, we have agreed to the defendant's

1      entry of a conditional plea pursuant to Federal

2      Rule of Criminal Procedure 11(a)(2).  The

3      defendant will reserve the right to appeal

4      through counsel, and not pro se, the adverse

5      judgment of this Court regarding the

6      suppression of evidence and the commerce clause

7      challenges to Count 1 of the indictment.  The

8      government has agreed to not object to the

9      defendant's placement in a facility so that he

10     can take advantage of available apprenticeship

11     programs, so long as those apprenticeship

12     programs do not involve computers.

13         And with the specific imprisonment

14     involved in both of these counts, Judge, it's

15     important for you to know that the government

16     agrees differently as to Count 1 and as to

17     Count 2 with regards to mandatory minimums.

18     Because of the sodomy in the State court, that

19     is a prior offense that would raise the

20     mandatory minimums under both statutory

21     references in Count 1 and Count 2, but we want

22     the Court to treat those differently.

23         Because the Count 1 production count

24     arises out of the exact same evidence and exact

25     same conduct as the sodomy involved at the

1    State court, we do not believe, and we agree

2    with the defense, that you should not increase

3    the mandatory minimum on that account-- on that

4    count, but it only be the ten-year mandatory

5    minimum and not the increased mandatory

6    minimum.

7         However, on Count 2, we have a different

8    approach, because that's separate conduct.

9    That's the possession of pornography charge.

10   And we do believe that the State court sodomy

11   charge increases that to a mandatory minimum of

12   two years.  So we basically separated out those

13   counts, and we want the Court to understand

14   that that's going to be our position at

15   sentencing.  And we agree on that in terms of

16   how that State court sodomy affects that

17   mandatory minimum on Count 1 as different than

18   Count 2.

19        Now, Judge, all these agreements are

20   dependent upon the defendant carrying through

21   with this plea.  If he breaches the plea in any

22   way, the agreements that I've just announced to

23   the Court go out the window.  He understands

24   that we will discuss with the Court all of his

25   relevant conduct and that we are obligated to

1     tell the Court everything we know about him and

2     his conduct.  The defendant agrees that the

3     sentence is going to be determined by you,

4     Judge, by this Court, and he is therefore going

5     to waive any kind of Blakely argument.  He is

6     not going to be permitted to withdraw his plea

7     if he doesn't like your sentence or if he

8     breaches the plea agreement.

9          He's going to pay a special assessment

10     today of $200.  That's $100 per count of

11     conviction.  Except for the conditional plea

12     that I've announced, he waives all other

13     appeals and collateral attacks except those

14     that would be allowed by law for things like

15     ineffective assistance of counsel, which we do

16     not anticipate here.  He's going to waive any

17     FOIA request, any claim for attorney's fees.

18     He understands that we are the parties to the

19     agreement, the federal government here in the

20     U. S. Attorney's Office in the District of

21     Kansas, and this is not an agreement with

22     anybody else.  And he also understands that

23     this agreement that is before you, Judge, is

24     the full embodiment of all agreements that we

25     have reached and there are no other agreements

1          not in writing.

2                    THE COURT:  Let me ask you one

3          question.  You mentioned $200.  I suppose

4          that's for Counts 1 and 2, and Count 3 does not

5          require that.

6                    MS. TREADWAY:  Correct.  The

7          forfeiture count, although we asked that he

8          plead guilty to that for purposes of further

9          proceedings, it is not considered a count of

10         conviction and, therefore, the assessment does

11         not apply to Count 3, Judge.

12                   THE COURT:  All right, thank you.

13         Mr. Joseph, you heard that explanation of the

14         plea agreement.  Does that accord with the way

15         you look at the plea agreement?  Do you think

16         she correctly described what took place there

17         in the plea agreement?

18                   MR. JOSEPH:  I do, Your Honor.  I

19         believe it's correct.

20                   THE COURT:  All right, thank you.

21         Now, Mr. Grimmett, let me also ask you, you've

22         had an opportunity read and discuss that plea

23         agreement.  Is that correct?

24                   THE DEFENDANT:  Yes.

25                   THE COURT:  And does the plea

1          agreement represent in its entirety every

2          understanding that you have with the

3          government?  There's no other understanding

4          that's not in the plea agreement.  Is that

5          correct?

6                    THE DEFENDANT:  Yes, sir.

7                    THE COURT:  All right.  And no one's

8          made you any other or different promise or

9          assurance to you in an effort to induce you to

10         enter a plea of guilty.  Is that correct?

11                   THE DEFENDANT:  That's correct.

12                   THE COURT:  All right.  Now, you

13         understand the terms of a plea agreement are

14         merely recommendations to the Court, and the

15         Court could reject the recommendation without

16         permitting you to withdraw your plea of guilty

17         and might impose a sentence that is more severe

18         than you may anticipate.  Do you understand

19         that?

20                   THE DEFENDANT:  Yes, sir.

21                   THE COURT:  You also understand that

22         the Court might follow some of the terms of the

23         plea agreement but not all of them, and you

24         still would not be able to withdraw your plea

25         of guilty according to this plea agreement.

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Is that correct?  All

3      right.  Now, let me also ask you, has anyone

4      attempted to force you in any way to enter a

5      plea of guilty in this case?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  And you're doing this of

8      your own free will because you think that you

9      are guilty as you have suggested?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  All right.  Now, you

12     understand that the pleas relate to a felony

13     offense, and that if you are-- enter a plea to

14     those offenses and if the Court accepts that,

15     such adjudication may deprive you of certain

16     valuable civil rights such as the right to

17     vote, the right to hold public office, the

18     right to serve on a jury, and the right to

19     possess any kind of a firearm at any time.  Is

20     that clear to you?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  All right.  Now, are

23     there any other-- asking the government-- any

24     other maximum possible penalties here provided

25     by law, or have we taken care of it?

1           MS. TREADWAY:  Well, Judge, just so

2     that the record is clear, on Count 1, it is our

3     opinion that the maximum is-- or the mandatory

4     minimum is ten years and the maximum is 20

5     years.  As to Count 2, we believe the minimum

6     is two years because of the operation of the

7     sodomy count in the State court, and the

8     maximum is ten years.  So first count, ten to

9     20, second count, two to ten.  As to both

10    counts, the maximum fine is $250,000, and the

11    maximum term of supervised release is three

12    years, and the assessment is $100.

13          THE COURT:  All right.  Mr. Joseph,

14    do you agree with that?

15          MR. JOSEPH:  I do, Your Honor.

16          THE COURT:  That those are the

17    maximums?  All right.  Now, let me also find

18    out that you understand they mentioned

19    supervised release, and you must know, and I

20    need to tell you, that if you violate the terms

21    of supervised release once you are out, you can

22    be given additional time in prison.  Is that

23    clear to you?

24          THE DEFENDANT:  Yes.

25          THE COURT:  All right.  Now, is there

1    any restitution we're thinking about at all in

2    this case?

3              MS. TREADWAY:  Judge, that was taken

4    care of in the State court proceeding.  The

5    defendant was required to pay restitution to

6    the victim.  That was a part of the sodomy.

7              THE COURT:  All right.  Thank you.

8    Now, let me ask you then, Mr. Grimmett, do you

9    think you understand now the possible

10   consequences of your plea?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  All right.  And you

13   understand we're under the Sentencing Reform

14   Act of 1984, and there, the United States

15   Sentence Commission has issued guidelines for

16   judges to follow in determining the sentence in

17   a criminal case.

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  And I assume you and your

20   attorney have talked about the sentencing

21   guidelines.

22             THE DEFENDANT:  Yes.

23             THE COURT:  Now, ordinarily, I would

24   tell you and your attorney that the Court will

25   not be able to determine the sentencing

1    guidelines for your case until after a

2    presentence report has been filed and you and

3    the government have had an opportunity to

4    challenge any of the reported facts and the

5    application of the facts recommended by the

6    probation officer, and that the sentence

7    imposed may be different from any estimate your

8    attorney may have given you.  You understand

9    that.

10    THE DEFENDANT:  Yes, sir.

11    THE COURT:  Now, on top of that, we

12    have the Blakely problem, which I think

13    everyone in America is familiar with, where the

14    United States Supreme Court declared a case

15    with guidelines in the State of Washington

16    unconstitutional.  But I note in your plea

17    agreement that you have waived any Blakely

18    problem, and you understood that, did you, that

19    you had waived, regardless of what the Supreme

20    Court does after their argument early this week

21    and what they come back with, you have waived

22    that in your plea agreement.  Is that clear?

23    THE DEFENDANT:  Yes.

24    THE COURT:  All right.  Now, I also

25    need to tell you that parole has been abolished

1    in the federal court, and if you're sentenced

2    to prison, you will not be released on parole.

3    That doesn't exist anymore.  And also, in your

4    plea agreement, it's quite possible that you

5    have waived any right of appeal except for

6    those specific things that you're talking about

7    appealing on the Judge's decision.  You

8    understand that.

9              THE DEFENDANT:  Yes.

10             THE COURT:  You still have reserved

11   your right of appeal there.  All right.  Now, I

12   need to also explain to you-- and I know you

13   know this-- but you have the right to plead not

14   guilty to any charge made against you by the

15   government.  And if you stayed with your plea

16   of not guilty, then you would have the right to

17   a trial by jury, you would be presumed to be

18   innocent, and you would-- the government would

19   have to prove your guilt beyond a reasonable

20   doubt.

21        You would have the right of the

22   assistance of your attorney for your defense,

23   the right to see and hear all the witnesses who

24   would appear against you, and your attorney

25   could cross-examine these witnesses and you

1          could cross-examine the witnesses.  You would

2          also have the right on your own part to decline

3          to testify unless you voluntarily elected to do

4          so.  And you would have the right to issue

5          subpoenas or compulsory process to compel the

6          attendance of witnesses to testify in your

7          behalf.  I also need to advise you that should

8          you decide not to testify or put on any

9          evidence in a trial, those facts could not be

10         used against you, and I would so advise the

11         jury of that.

12              But, further, if you do enter a plea of

13         guilty, and if that plea is accepted by the

14         Court, there will be no trial, and you will

15         have waived and given up your right to a trial

16         as well as those other constitutional rights

17         associated with a trial as I have just

18         described.  Is that clear to you.

19                   THE DEFENDANT:  Yes, sir.

20                   THE COURT:  All right.  Now, I also

21         need to explain to you that when the government

22         charges you with something, there are certain

23         essential elements of that offense, and that

24         the government would be required to prove each

25         and every essential element of the offense, and

```
 1          the essential elements of your-- in your

 2          offense would be the ones that are described in

 3          your indictment, which talked about possession

 4          and talked about all the other things, and the

 5          government would have to prove each and every

 6          one of those.  Is that clear to you?

 7                    THE DEFENDANT:  Yes, sir.

 8                    THE COURT:  All right.  That is if we

 9          went to trial.  Now, I know what the legal

10          language is here.  Let me find out from you,

11          what do you say you did in this case as far

12          as-- I want to make sure you understand, the

13          way the government does, what they're charging

14          you with.

15                    MR. JOSEPH:  Your Honor, in the

16          petition to enter a guilty plea, paragraph 5,

17          we have summarized what he has-- what his

18          conduct is, as well as is in the plea

19          agreement, and he has reviewed that, and he

20          certainly can elaborate on that if he wishes,

21          or he simply just can adopt that if he wants, I

22          guess.

23                    THE COURT:  But do you understand

24          that what you have said in your petition is

25          what you're telling the Court?  Is that
```

1       correct?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  All right.  Now-- and

4       you're affirming that, actually, that is your

5       belief.

6              THE DEFENDANT:  Yes.

7              THE COURT:  All right.  Now, let me

8       ask the government, if we went to trial in this

9       case, what would you prove?

10             MS. TREADWAY:  Judge, we would prove

11      as follows, and these facts as set forth in the

12      plea agreement have been stipulated to by the

13      defendant.  We would prove that on or about

14      June 29th, 2002, in the District of Kansas, the

15      defendant, Stephen Grimmett, knowingly and

16      intentionally employed, used, persuaded,

17      induced, enticed, and coerced a minor to engage

18      in sexually explicit conduct for the purpose of

19      producing a visual depiction of that conduct,

20      knowing and having reason to know that the

21      visual depiction was produced using material

22      that had been mailed, shipped, and transported

23      in interstate and foreign commerce by any

24      means.

25             Specifically, Judge, the defendant lured

1      a six-year-old boy to his house with a Mountain

2      Dew drink, undressed, and instructed the child

3      how to masturbate him and perform fellatio on

4      him.  The defendant videotaped this abuse on an

5      eight millimeter videotape, using a video

6      camera, both of which had traveled in

7      interstate and foreign commerce.  The defendant

8      copied the eight millimeter video to a VHS

9      video which had traveled in interstate and

10     foreign commerce.  He then uploaded eight still

11     pictures from the videotape to his computer,

12     which had also traveled in interstate and

13     foreign commerce.  The defendant's offense

14     involved a victim who had not attained the age

15     of 12 years.

16          Additionally, the proof would be that on

17     or about September 25th, 2002, the defendant

18     knowingly and intentionally possessed material

19     that contained an imagine of child pornography

20     that had been mailed, shipped, and transported

21     in interstate and foreign commerce by any

22     means, including by computer, and that was

23     produced using materials that had been mailed,

24     shipped, and transported in interstate and

25     foreign commence by any means, including by

1    computer.  Specifically, the evidence would be

2    that that the defendant possessed over 1,500

3    images of child pornography and approximately

4    152 movie files containing child pornography.

5        Additionally, the defendant admits that

6    those imagines involved prepubescent minors and

7    minors under the age of 12 years, that he

8    possessed ten or more items containing a visual

9    depiction involving the sexual exploitation of

10   a minor, that his possession of that material

11   resulted from the defendant's use of a

12   computer, and finally, that the visual

13   depictions included scenes of bestiality,

14   bondage, and violence.  Those are the

15   stipulated facts, Judge.

16       In addition, the government would be

17   prepared to prove and would prove, through the

18   admissions of the defendant and his vicarious

19   admissions through the testimony of Ms. Nichols

20   and Ms. Heller, who testified at the State

21   proceedings, the information that I previously

22   discussed with the Court this morning.

23       THE COURT:  All right, thank you.

24   Now, Mr. Joseph, are these the government

25   allegations that you do not intend to contest?

1          Am I correct on that?

2                    MR. JOSEPH:  That is accurate, Your

3          Honor.  We will not contest it.

4                    THE COURT:  All right, thank you.

5          All right.  I think we're ready, then, to

6          proceed further on this case.  Let me say, Mr.

7          Grimmett, it's my belief that you fully

8          understand the indictment, that you fully

9          understand the plea agreement, that you have

10         discussed this with your attorney, and you have

11         reached your decision which you're offering

12         here to us.  And I might say to you that I

13         think you're fully competent and fully capable

14         of going ahead with this.  So I now ask you, to

15         the charges contained in the indictment, first

16         to Count 1, how do you plead?

17                    THE DEFENDANT:  Guilty.

18                    THE COURT:  And as to Count 2, how do

19         you plead?

20                    THE DEFENDANT:  Guilty.

21                    THE COURT:  And in regard to the

22         forfeiture charge, what do you plead there?

23                    THE DEFENDANT:  Guilty.

24                    THE COURT:  All right.  The Court is

25         satisfied with the responses you've given to

1       me, and in the case of <u>United States versus</u>

2       <u>Stephen Grimmett</u>, I'm going to make a finding

3       that you're fully competent, capable of

4       entering an informed plea, that you're aware of

5       the nature of the charges and the consequences

6       of the plea, and your plea of guilty is a

7       knowing and voluntary plea supported by an

8       independent basis in fact containing each of

9       the essential elements of the offenses.  I'm

10      going to therefore accept your plea to all the

11      counts, and you are now adjudged guilty of

12      those offenses.  All right.  Mr. Joseph, have

13      you prepared a petition that we use in this

14      court?

15              MR. JOSEPH:  I have, Your Honor.

16              THE COURT:  And if your client has

17      signed it, and if you've signed it-- would you

18      have him do that?  Mr. Grimmett, I might tell

19      you the petition contains much of the material

20      that I've been saying to you orally.  And

21      you're aware of that.

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  All right.  I will also

24      note that the plea agreement has been signed

25      now by all parties, and it is attached to the

1          petition.  And I'll ask my Clerk, would you

2          swear the defendant to the truthfulness of this

3          petition?

4                    THE CLERK:  Raise your right hand.

5          You do solemnly swear that the statements given

6          in the petition to enter a plea of guilty

7          herein are true and correct and that any oral

8          statements you made at this hearing are true

9          and correct, so help you God.

10                   THE DEFENDANT:  Yes.

11                   THE COURT:  All right.  I'm going to

12         direct that the petition and the plea agreement

13         be filed in this case, and I'm going to enter a

14         formal order which will say that I find that

15         your plea of guilty was made by you freely and

16         voluntarily and because you're guilty as

17         charged, was not made out of ignorance, fear,

18         inadvertence, or coercion, that you're making

19         the plea of guilty with the full understanding

20         of its consequences.  I'm going to make a

21         further finding that you have admitted the

22         essential elements of the crimes charged and

23         that you're mentally competent.  Do you agree

24         with all the findings I have just made?

25                   THE DEFENDANT:  Yes, sir.

1              THE COURT:  All right, that will take

2      care of the matter of the petition and the plea

3      agreement.  And I need to tell you that a

4      written presentence report will now be prepared

5      by the probation office to assist me in

6      sentencing in this matter.  And you will be

7      asked to give information for the report, and

8      your attorney may be present if you want him

9      there, but he need not be there for your

10     interview with the probation officer, who will

11     be contacting you immediately after this

12     hearing.  You will be asked to give information

13     for that report.  I'll also permit you and your

14     attorney to read the presentence report, file

15     any objections to the report before the

16     sentencing.

17              In addition to that, you and your

18     attorney shall be afforded the opportunity to

19     speak on your behalf at the sentencing hearing.

20     Now, I have been informed that I can have a

21     presentence report on January 7th, 2005, at

22     11:00 o'clock a.m., and that will be the time

23     for the hearing in this court.  It will be

24     necessary that you and your attorney be here at

25     that time.

34

1          Now, it's my understanding that you're

2     incarcerated, and I'm going to continue your

3     incarceration subject to all the terms and

4     conditions laid down by the Magistrate Judge at

5     your earlier hearing, and I'm sure you will

6     understand and remember those.  And I think

7     that's what the government is expecting in this

8     case.  Am I correct on that?

9               MS. TREADWAY:  Absolutely, Judge.

10              THE COURT:  All right.  Well, that

11    will take care of that situation, and we will

12    then see you back here on January 7th, 2005, at

13    11:00 o'clock, and we'll try to complete this

14    matter at that time.  Meantime, the probation

15    officer will be talking to you.  All right, Mr.

16    Bailiff, let's recess the court.

17              THE BAILIFF:  All rise.  Court will

18    stand in recess subject to call.

19              (THEREUPON, a recess was had. )

20

21

22

23

24

25

```
1    UNITED STATES OF AMERICA  )
                              )    ss:
2    DISTRICT OF KANSAS       )

3                 C E R T I F I C A T E

4         I, Roxana S. Montgomery, Certified

5    Shorthand Reporter in and for the State of

6    Kansas, do hereby certify that I was present at

7    and reported in machine shorthand the

8    proceedings had the 6th day of October, 2004,

9    in the above-mentioned court; that the

10   foregoing transcript is a true, correct, and

11   complete transcript of the requested

12   proceedings.

13        I further certify that I am not attorney

14   for, nor employed by, nor related to any of the

15   parties or attorneys in this action, nor

16   financially interested in the action.

17        IN WITNESS WHEREOF, I have hereunto set

18   my hand and official seal at Topeka, Kansas,

19   this _____ day of _____, 2005.

20

21                  /s/ Roxana S. Montgomery

22              Roxana S. Montgomery

23              Certified Shorthand Reporter

24

25
```